# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| National Medical Imaging, LLC, *et al.*, | : Case No. 20-12618 (ELF) |
| | : |
| Debtors. | : Jointly Administered |
| | : |

## DEBTORS' THIRD MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 1121(d) EXTENDING DEBTORS' EXCLUSIVE PERIODS WITHIN WHICH TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF

Debtors National Medical Imaging, LLC and National Medical Imaging Holding Company, LLC (collectively the "Debtors"), hereby move the Court (the "Motion") for entry of an order pursuant to 11 U.S.C. § 1121(d) extending the Debtors' exclusive periods (i) to file a chapter 11 plan of reorganization for 155 days, through and including December 9, 2021 and (ii) to solicit acceptances of such plan for 155 days, through and including February 8, 2022. In support of this Motion, the Debtors respectfully aver as follows:

**I.    FACTUAL BACKGROUND**

1.    On June 12, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief with the Court under chapter 11 of the Bankruptcy Code. The Debtors' bankruptcy cases (the "Chapter 11 Cases") are being jointly administered. No trustees or committees have been appointed and the Debtors remain in control of their assets as debtors-in-possession.

2.    As the Court is aware, there are several open issues in this case that will impact the Debtors' formulation of their liquidating plan, including (A) whether or not U.S. Bank, National Association ("U.S. Bank") has a valid and enforceable lien on the proceeds of the Debtors' pending claims under Section 303(i); (B) whether or not U.S. Bank can set off its

liability to the Debtors' under Section 303(i) against its pre-petition claims against the Debtors; and (C) the impact of federal bankruptcy policy underlying Section 303(i) on these issues and U.S. Bank's ability to otherwise share in any recovery by the Debtors under Section 303(i) through a confirmed plan.

3.   To determine these issues, the Debtors filed an adversary proceeding against U.S. Bank (the "U.S. Bank Adversary") on July 20, 2020. *See* Adversary No. 20-00219.  In response to the Debtors' Complaint, U.S. Bank filed an extensive Motion to Dismiss on August 24, 2020.

4.   On September 3, 2020, the Debtors filed their first Motion to Extend their Exclusive Periods by 180 days to April 8, 2020 and June 7, 2020, respectively, to allow time for the U.S. Bank Adversary to be resolved by the Court.  This Motion was granted by the Court on October 8, 2020.

5.   On February 22, 2021, the Court issued an Order and Memorandum resolving U.S. Bank's Motion to Dismiss.  Therein, the Court dismissed certain counts against U.S. Bank without prejudice to the Debtors' ability to file an amended complaint on or before March 8, 2021.  The Debtors elected not to file an amended complaint and U.S. Bank has filed an answer to the Complaint.

6.   On March 1, 2021, the Debtors filed their second Motion to Extend their Exclusive Periods by 120 days to July 7, 2020 and September 6, 2020, respectively, to allow additional time for the U.S. Bank Adversary to be resolved by the Court.  This Motion was granted by the Court on March 31, 2021.

7.   A pre-trial scheduling order has been entered for the U.S. Bank Adversary, which provides for a final pre-trial conference to occur in December.  The Debtors are in the process of

preparing a motion for summary judgment to resolve the outstanding claims in the U.S. Bank Adversary. U.S. Bank has also moved for summary judgment.[1]

8. After resolution of U.S. Bank's motion to dismiss, there are two issues remaining in the U.S. Bank Adversary: (A) U.S. Bank's ability to set off its pre-petition claims against the Debtors from its liability to the Debtors' bankruptcy estates under Section 303(i); and (B) the extent, priority and validity of U.S. Bank's asserted liens against the Debtors' remaining assets—its claims against U.S. Bank and other petitioning creditors pursuant to Section 303(i).

9. Resolution of these issues remains necessary to determine U.S. Bank's status as a secured creditor in these bankruptcy cases—an issue that is critical to how U.S. Bank should be classified under any chapter 11 plan. Importantly, resolution of these issues will also require the Court to consider application of federal bankruptcy policy regarding Section 303(i) and its impact on U.S. Bank's status as a secured creditor.

10. The Debtors anticipate that the Court's decision on this federal bankruptcy policy will also inform the parties as to U.S. Bank's ability to share in any distribution of the Debtors' recovery under Section 303(i), which in turn will impact U.S. Bank's classification under and right to vote on any plan (i.e., whether or not U.S. Bank can properly be classified separately from other secured or unsecured creditors and/or whether or not U.S. Bank's interests are impaired under the plan). Accordingly, resolution of the U.S. Bank Adversary—and the critical policy issues raised therein—is vital to the Debtors' ability to formulate its plan and for the Debtors' other creditors to make informed decisions thereon.

11. More time is therefore needed to allow this critical issue to be resolved in advance of expiration of the Debtors' exclusive periods. However, as the Court and the parties both

---

[1] Through its motion for summary judgment, U.S. Bank has taken the position that the remaining issues in the U.S. Bank Adversary should be addressed as part of the 2014 adversary proceedings in which the Debtors' Section 303(i)(1) claims are pending. The Debtors disagree and will be opposing U.S. Bank's motion.

122294434_1

acknowledge, the underlying facts are largely settled and not in dispute. Accordingly, there is no reason that these issues cannot be resolved promptly as part of the U.S. Bank Adversary, so that the Debtors can then proceed with their chapter 11 plan.

## II. RELIEF REQUESTED

12. Pursuant to Section 1121(d), the Debtors respectfully request that: (a) the period in which the Debtors have the exclusive right to file a chapter 11 plan be extended through and including December 9, 2021; and (b) the period in which the Debtors have the exclusive right to solicit acceptance of such plan be extended through and including February 8, 2022. Given the statutory limits in Section 1121(d), this will be the Debtors' last request for an extension.

13. Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days in a chapter 11 case during which a debtor has the exclusive right to file a plan of reorganization (the "Exclusive Filing Period"). Section 1121(c)(3) provides that if the debtor files a plan within the Exclusive Filing Period, it has an initial period of 180 days to solicit acceptance of such plan (the "Exclusive Solicitation Period" and together with the Exclusive Filing Period, the "Exclusive Periods"). The Debtors' current Exclusive Filing Period will expire on July 7, 2021 and the Debtor's initial Exclusive Solicitation Period will expire on September 6, 2021. Section 1121(d) permits the Court to extend the Exclusive Periods for "cause."

### A. Section 1121(d) Permits the Court to Extend the Exclusive Periods for "Cause."

14. The objective of a chapter 11 reorganization is the negotiation, formulation, development, confirmation, and consummation of a plan of reorganization or liquidation, and the Debtors intend to achieve that objective by proposing a liquidating plan. The Exclusive Periods are intended to afford a debtor a full and fair opportunity to formulate and propose such a plan and to solicit acceptances thereof without the deterioration of, and disruption to, its bankruptcy

strategy that could result from the filing of competing plans by non-debtor parties. In circumstances where the initial 120 and 180-day Exclusive Periods prove to be an unrealistic timeframe within which a debtor may file and confirm a plan, Section 1121(d) allows the Court to extend the Exclusive Periods for "cause":

> (1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.
>
> (2)(A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.
>
> (B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. § 1121(d).

15.  It is well established that the decision to extend a debtor's exclusivity periods is committed to the discretion of the bankruptcy court and should be based upon the facts and circumstances of a particular case. *See e.g., First Am. Bank of New York v. Sw. Gloves and Safety Equip. Inc.*, 64 B.R. 963, 965 (D. Del. 1986); *In re Mid-State Raceway, Inc.*, 323 B.R. 63, 68 (Bankr. N.D.N.Y. 2005); *In re Reetz*, 61 B.R. 412, 414 (Bankr. W.D. Wis. 1986).

16.  Although the Bankruptcy Code does not define "cause" for purpose of extension of the Exclusive Periods, courts have looked to the legislative history of Section 1121(d) for guidance. *See In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989); *In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996). Courts have found that Congress did not intend that the 120- and 180-day periods be a hard-and-fast rule. *See Amko*, 197 B.R. at 77 (noting that Congress intended courts to have flexibility in dealing with

extensions of exclusivity); *see also In re Perkins*, 71 B.R. 294, 297 (W.D. Tenn. 1987) ("The hallmark of . . . [Section 1121(d)] is flexibility.").

17. Rather, Congress intended that a debtor's exclusive periods be of an adequate length, given the circumstances, for the debtor to formulate, negotiate, and draft a viable plan without the disruption that would occur with the filing of competing plans of reorganization. *See Geriatrics Nursing Home v. First Fid. Bank, N.A.*, 187 B.R. 128, 133 (D.N.J. 1995) ("The opportunity to negotiate its plan unimpaired by competition, the court held, is meant to allow the debtor time to satisfy all creditors and win support for its restructuring scheme and thus ensure its survival as a business.").

18. Further, Congress recognized that a 120-day exclusivity period may not afford a debtor sufficient time to formulate and negotiate a plan:

> [t]he court is given the power, though, to increase . . . the l20-day period depending on the circumstances of the case. [T]he bill allows the flexibility for individual cases that is not available today. For example, if an unusually large company were to seek reorganization under chapter 11, the Court would probably need to extend the time in order to allow the debtor to reach an agreement.

H.R. Rep. No. 950595, 95th Cong. 1st Sess. 232 (1977) (footnotes omitted).

19. When determining whether cause exists for an extension of a debtor's exclusivity periods, courts rely on a variety of factors, each of which alone may provide sufficient grounds for extending the periods. Factors considered in making such a determination include: (a) the size and complexity of the case; (b) the necessity of sufficient time to negotiate and prepare adequate information; (c) the existence of good faith progress toward reorganization; (d) whether the debtor is paying its debts as they come due; (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (f) whether the debtor has made progress in negotiating with creditors; (g) the length of time the case has been pending; (h) whether the

6

debtor is seeking the extension to pressure creditors; and (i) whether unresolved contingencies exist. *See*, *e.g.*, *In re Burns & Roe Enters., Inc.*, 2005 WL 6289213, at *3-4 (D.N.J. 2005 Nov. 2, 2005); *Gibson*, 101 B.R. at 409-10; *In re R.G. Pharmacy, Inc.*, 374 B.R. 484, 487 (Bankr. D. Conn. 2007); *In re Adelphia Comm. Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002). Again, the Debtors need not satisfy each and every factor considered. As set forth below, the relevant factors support the relief requested.

      **B.    Cause Exists for an Extension of the Exclusive Periods in this Chapter 11 Case.**

20. <u>The Complexity of the Chapter 11 Cases</u>. Congress and the courts have recognized that the size and complexity of a debtor's case alone may constitute cause for extension of a debtor's exclusive period to file a plan and solicit acceptances of such a plan. While the Chapter 11 Cases are not particularly large, they are complex in that they are impacted by multiple adversary proceedings pending before this Court regarding the Debtors' Section 303(i) claims and the various issues raised in the U.S. Bank Adversary. The complexity of the Chapter 11 Cases, therefore, militates in favor of an extension of the Exclusive Periods.

21. <u>The Existence of Good Faith Progress Toward Reorganization/Liquidation</u>. Despite much of the timing and scheduling in these bankruptcy cases being out of their control (and negatively impacted by the aggressive actions U.S. Bank took last year to dismiss these cases and obtain relief from the automatic stay), the Debtors have made substantial and good faith progress towards resolving the critical issues that will inform its liquidating plan. Indeed, the Debtors promptly filed the U.S. Bank Adversary Proceeding on July 20, 2020—only about five weeks after the Petition Date.

22. Now that the pleadings are closed in the U.S. Bank Adversary, the Debtors intend soon to move for summary judgment so that the remaining issues can be resolved quickly as part of that proceeding.[2] The Debtors have also negotiated and obtained approval of a Carveout and Funding Agreement with the Douglas Rosenberg Trust that provides a roadmap for much of the Debtors' liquidating plan (aside from the rights of U.S. Bank) and provides a substantial carve out to fund distributions to the Debtors' non-insider creditors.[3]

23. The stay of the pending 2014 adversary proceedings has also been lifted, and the Debtors intend to move forward with prosecuting those claims as expeditiously as possible. The Debtors are not seeking this extension to delay administration of these cases or to exert pressure on its creditors. To the contrary, this request is intended to maintain a framework conducive to an orderly, efficient and cost-effective liquidation process.

24. <u>Termination of the Debtors' Exclusive Periods Would Adversely Impact This Case</u>. Termination of the Debtors' Exclusive Periods would adversely impact the Debtors' liquidation strategy. If the Court were to deny the Debtors' request for an extension of the Exclusive Periods, any party in interest would be free to propose a plan of liquidation for the Debtors. Competing plans would foster a chaotic environment at the very time the Debtors need to focus on the pending litigation that will both inform and ultimately fund its liquidating plan. A competing plan by U.S. Bank before its rights are determined through the U.S. Bank Adversary would be especially chaotic and would simply compound legal fees unnecessarily.

---

[2] The Debtors will also be opposing U.S. Bank's motion for summary judgment, which simply seeks to delay resolution of the issues it knows must be resolved for the Debtors to proceed with their chapter 11 plan.

[3] The Debtors are aware that U.S. Bank believes that the carve out provided in the Carveout and Funding Agreement is illusory because there is no guarantee that the Debtors will obtain a recovery on account of their Section 303(i) claims from which proceeds would be carved out for the benefit of non-insider creditors. However, the Court's February 22, 2021 decision on U.S. Bank's Motion to Dismiss the adversary determined that a recovery is "exceedingly likely" given the liberal standard for relief under Section 303(i)(1). *See* February 22, 2021 Memorandum, Docket No. 17, at 49.

122294434_1

25.  Termination of the Debtors' Exclusive Periods would deprive the Debtors of a fair opportunity to propose and confirm its liquidating plan or any necessary alternatives in an organized manner.  Such a result would not advance the rehabilitative objectives of the chapter 11 process, but rather would thwart them.  Denying the relief requested herein would critically impair the Debtors' ability to successfully liquidate their remaining assets with no benefit to the Debtors' estates or creditors.

26.  <u>Whether Unresolved Contingencies Exist.</u>  As discussed above, the legal issues remaining in the U.S. Bank Adversary (including whether or not U.S. Bank is a secured creditor and determination by this Court of the federal bankruptcy policy underlying Section 303(i)) will impact how U.S. Bank's claim should be classified in a plan of liquidation, whether or not U.S. Bank will be able to vote on the Debtors' plan and whether or not U.S. Bank is entitled to any distributions.[4]  Resolution of these issues is critical to the Debtors' ability to propose and confirm a liquidating plan and for creditors to make an informed decision with respect to any plan.

27.  While the Debtors intend to proceed quickly to a final resolution of the issues raised in the U.S. Bank Adversary, it is uncertain how long it will take for the Court to rule on what will be competing motions for summary judgment (though it is highly unlikely that rulings would be issued before exclusivity expires on July 7).  And once these issues are resolved, counsel and the Debtors will still need some time to formulate and prepare the plan documents.  Accordingly, a further extension is warranted.

---

[4] While the Court dismissed without prejudice certain counts in the U.S. Bank Adversary regarding classification of U.S. Bank's claim and U.S. Bank's ability to share in any distribution to creditors of its recovery under Section 303(i)(1) (so that these issues could be determined as part of the plan confirmation process), resolution of these issues will hinge on application of the same federal public policy underlying Section 303(i) that the Court will interpret when deciding the remaining counts of the U.S. Bank Adversary.  Accordingly, resolution of the U.S. Bank Adversary will allow for a more streamlined and efficient confirmation process.

28. In light of the relevant facts and circumstances, the requested extension of the Exclusive Periods will not prejudice the legitimate interests of any creditor and will afford the Debtors the opportunity to pursue to fruition the beneficial objectives of a confirmable liquidating plan.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) extending the Exclusive Filing Period through and including December 9, 2021, (ii) extending the Exclusive Solicitation Period through and including February 8, 2022 and (iii) granting such other and further relief as the Court deems just and proper.

Dated: May 28, 2021

**DILWORTH PAXSON LLP**

By: /s/ Jennifer L. Maleski
Lawrence G. McMichael
Jennifer L. Maleski
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Telephone: (215) 575-7000
Facsimile: (215) 575-7200

*Counsel for the Debtors*

122294434_1